UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SUSAN ARNONE,

       Plaintiff,

  v.

DAVID KNAB,

       Defendant.

21-CV-72-LJV-MJR
DECISION & ORDER

---

IN THE MATTER OF THE COMPLAINT

    of

DAVID KNAB, *as the owner of a 2000, 38-foot boat for Exoneration from or Limitation of Liability*,

       Petitioner.

21-CV-703-LJV-MJR
DECISION & ORDER

---

    These two actions arise from a September 2020 boating accident on Lake Erie. Susan Arnone alleges that she was seriously injured because of David Knab's negligent operation of the boat on which she was a passenger. Case No. 21-cv-72, Docket Item 1-1 at ¶¶ 6-8. In December 2020, she brought a negligence claim against Knab in state court (the "negligence case"), *see* Case No. 21-cv-72, Docket Item 1-1, which then was removed to this Court based on the Court's admiralty jurisdiction, Case No. 21-cv-72, Docket Item 1.

    After the negligence case was removed, Knab filed a separate petition in this Court under the Limitation of Liability Act of 1851, 46 U.S.C. § 30501 *et seq.*, and Rule

F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "limitation proceeding"). Case No. 21-cv-703, Docket Item 1.  Because of an order entered in the limitation proceeding shortly after its commencement, the negligence case was effectively stayed while the limitation proceeding moved forward. *See* Case No. 21-cv-703, Docket Item 4.

On August 30, 2022, Arnone moved to remand the negligence case to state court.  Case No. 21-cv-72, Docket Item 27.  The next day, she moved to stay the limitation proceeding and to lift any stay on the negligence case so that the negligence case could proceed in state court after remand.  Case No. 21-cv-703, Docket Item 30. This Court then referred those motions to United States Magistrate Judge Michael J. Roemer under 28 U.S.C. § 636(a)(1)(A) and (B).  Case No. 21-cv-72, Docket Item 34; Case No. 21-cv-703, Docket Item 36.[1]

On April 26, 2023, Judge Roemer issued a Report and Recommendation ("R&R") finding that Arnone's motions should be granted.  Case No. 21-cv-72, Docket Item 37; Case No. 21-cv-703, Docket Item 41.  More specifically, Judge Roemer recommended that the stay of the negligence case be lifted, that the negligence case be remanded to state court, and that the limitation proceeding be stayed while the negligence case proceeds in state court.  Case No. 21-cv-72, Docket Item 37 at 14; Case No. 21-cv-703, Docket Item 41 at 14.

---

[1] The limitation proceeding originally was assigned to United States District Judge John L. Sinatra and referred to United States Magistrate Judge Jeremiah J. McCarthy.  *See* Case No. 21-cv-703, Docket Item 3.  The case then was reassigned to the undersigned, who referred it to Judge Roemer.  *See* Case No. 21-cv-703, Docket Items 22, 26, 36.

Knab then objected to Judge Roemer's recommendation to grant Arnone's motion to remand the negligence case.[2] Case No. 21-cv-72, Docket Item 39. On July 21, 2023, Arnone responded to Knab's objection, Case No. 21-cv-72, Docket Item 50; and Knab replied a week later, Case No. 21-cv-72, Docket Item 51.[3]

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully and thoroughly reviewed the R&R; the record in this case; the objection, response, and reply; and the materials submitted to Judge Roemer. Based on that *de novo* review, the Court denies Arnone's motion to remand the negligence case. But the Court accepts and adopts Judge Roemer's recommendation to grant Arnone's motion to stay the limitation proceeding and to lift the stay on the negligence case.

## **FACTUAL AND PROCEDURAL BACKGROUND**[4]

On September 5, 2020, Arnone was boating on Lake Erie in a "2000 Powerquest Cruiser" owned and operated by Knab. Case No. 21-cv-72, Docket Item 1-1 at ¶¶ 3, 6.

---

[2] Knab did not object to Judge Roemer's recommendation to stay the limitation proceeding and to lift the stay on the negligence case. *See* Case No. 21-cv-703, Docket Item 43 at 2.

[3] Knab filed a corrected version of his reply brief the next day. *See* Case No. 21-cv-72, Docket Item 52.

[4] The following facts are taken from the complaint in the negligence case and the procedural history of the negligence case and the limitation proceeding. "On a motion to remand for lack of subject matter jurisdiction, courts assume the truth of non-

3

While on the boat, Arnone "sustain[ed] serious injuries when she fell." *Id.* at ¶ 6. Arnone says that her fall and resulting injuries "were caused" by Knab's "negligent, careless, reckless[,] and/or unlawful conduct"—including, "among other things," his "operating the [boat] at a high rate of speed when it was unsafe, dangerous[,] and hazardous to do so, without warning to [Arnone] and others." *Id.* at ¶ 7. Arnone "s[ought] medical aid and attention" for her injuries, and some of those injuries "may result in permanent defect[s]." *Id.* at ¶ 8.

About three months after the accident, Arnone brought a single claim of negligence against Knab in New York State Supreme Court, Erie County. Case No. 21-cv-72, Docket Item 1-1. Knab then removed that case to this Court. Case No. 21-cv-72, Docket Item 1. In the notice of removal, Knab claimed that this Court "has original jurisdiction over th[e] action pursuant to 28 U.S.C. § 1333 and Article III, Section 2[,] of the Constitution . . . because the [c]omplaint alleges that the incident involves a claim for injury that occurred while aboard a vessel on U.S. navigable waters." *Id.* at ¶ 5. According to Knab, that "satisfie[d] the requirements for invoking the Court's [a]dmiralty [j]urisdiction," *id.*, and the negligence case therefore could be removed to this Court.

Knab then filed the limitation proceeding in this Court.[5] Case No. 21-cv-703, Docket Item 1. In that petition, Knab alleged that he owned a "38-foot recreational boat"

---

jurisdictional facts alleged in the complaint, but may consider materials outside [] the complaint, such as documents attached to a notice of removal or a motion to remand that convey information essential to the court's jurisdictional analysis." *Guzman v. First Chinese Presbyterian Cmty. Affs. Home Attendant Corp.*, 520 F. Supp. 3d 353, 356 (S.D.N.Y. 2021).

[5] As Judge Roemer explained, the Limitation of Liability Act "allow[s] the owner of a vessel to file a petition in federal court seeking total exoneration from or limitation of liability for damages caused by the negligence of his captain or crew." *In re Petition of Germain*, 824 F.3d 258, 263 (2d Cir. 2016) (citation and internal quotation marks

with a value, after the September 5 accident, of $110,000.  *Id.* at ¶¶ 5, 13.  Knab alleged that he was not at fault for any of Arnone's injuries, *id.* at ¶¶ 10-12, and he sought an order exonerating him from any liability for the September 5 accident or, in the alternative, limiting his liability to $110,000, *id.* at 4.  Judge Sinatra, to whom the limitation proceeding then was assigned, issued an order directing the Clerk of the Court to give notice of the limitation proceeding to persons or entities with potential claims against Knab or the boat and enjoining further proceedings in any case related to the September 5 accident.  Case No. 21-cv-703, Docket Item 4.

More than a year later, on August 30, 2022, Arnone moved to remand the negligence case to New York State Supreme Court, Erie County.  Case No. 21-cv-72, Docket Item 27.  The next day, she moved to stay the limitation proceeding and lift the injunction against prosecuting the negligence case in state court after remand.  Case No. 21-cv-703, Docket Item 30.  After those motions were fully briefed and argued, *see* Case No. 21-cv-72, Docket Item 36; Case No. 21-cv-703, Docket Item 40, Judge Roemer issued an R&R finding that Arnone's motions should be granted, Case No. 21-cv-72, Docket Item 37; Case No. 21-cv-703, Docket Item 41.  Knab then objected to the R&R, Case No. 21-cv-72, Docket Item 39, and the objections were fully briefed, Case No. 21-cv-72, Docket Items 50-52.

---

omitted); *see also* Case No. 21-cv-72, Docket Item 37 at 8; Case No. 21-cv-703, Docket Item 41 at 8.  "Typically, once the owner files a petition for limitation, all other claims and proceedings against the owner related to the matter in question shall cease."  *Germain*, 824 F.3d at 264 (alterations, citation, and internal quotation marks omitted).  "If the petition for limitation of liability is granted, the owner can be liable on the covered claims only up to the total value of his vessel and its pending freight; that amount will then be distributed pro rata among the proven claims."  *Id.*

**DISCUSSION**

I.    **REMOVAL**

Generally, "a state-court defendant may remove a civil action to federal court if the action could have been filed in federal court in the first place." *Solomon v. St. Joseph Hosp.*, 62 F.4th 54, 60 (2d Cir. 2023); *see also* 28 U.S.C. § 1441(a). That general rule, however, is subject to some exceptions. For example, Civil Procedure students will be familiar with the so-called forum-defendant rule: Although federal district courts have subject matter jurisdiction over cases involving citizens of different states with a minimum amount in controversy, *see* 28 U.S.C. § 1332(a), a defendant cannot remove a case based on diversity jurisdiction if "any of the parties in interest properly joined and served as defendants is a citizen of the [s]tate in which [the] action is brought," 28 U.S.C. § 1441(b)(2). So if any defendant is sued in a court of his or her own state, the case cannot be removed unless there is some basis for federal jurisdiction other than diversity jurisdiction.

A more arcane exception—one presumably outside the scope of most first-year Civil Procedure courses—is relevant here. Under 28 U.S.C. § 1333(1), federal district courts "have original jurisdiction, exclusive of the courts of the [s]tates, of[] [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." The "saving to suitors" clause of 28 U.S.C. § 1333 "leave[s] state courts competent to adjudicate maritime causes of action in proceedings *in personam*, that is, where the defendant is a person, not a ship or

6

some other instrument of navigation."⁶  *Madruga v. Superior Ct. of State of Cal. in & for San Diego Cnty.*, 346 U.S. 556, 560-61 (1954) (italicization added) (citation and internal quotation marks omitted); *see also* 14A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3672 (4th ed.).  So the "saving to suitors" clause gives a plaintiff with an *in personam* admiralty claim a choice: she can sue in federal court—either under federal admiralty jurisdiction or some other grant of federal jurisdiction—or she can sue in state court.  *See* 14A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3672 (4th ed.).

But even though a plaintiff may bring an *in personam* admiralty claim in either state or federal court, that claim is not necessarily removable from the former to the latter.  Instead, as Judge Roemer noted, courts have held that "removal is improper" in cases brought in state court under the "saving to suitors" clause "unless a separate basis of jurisdiction exists, such as diversity of citizenship" or federal question jurisdiction.⁷  Case No. 21-cv-72, Docket Item 37 at 5-6; Case No. 21-cv-703, Docket Item 41 at 5-6; *see also Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1069 (9th Cir.

---

⁶ As the Supreme Court has noted, "[w]hat the drafters of the Judiciary Act intended in creating the saving to suitors clause is not entirely clear and has been the subject of some debate."  *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 444 (2001).  But the Supreme Court has concluded that "the saving to suitors clause preserves remedies and the concurrent jurisdiction of state courts over some admiralty and maritime claims."  *Id.* at 445.

⁷ After Congress amended the removal statute in 2011, some courts concluded that cases brought under the "saving to suitors" clause were freely removable from state court.  *See Ryan v. Hercules Offshore, Inc.*, 945 F. Supp. 2d 772, 777-79 (S.D. Tex. 2013); *but see Sanders v. Cambrian Consultants (CC) Am., Inc.*, 132 F. Supp. 3d 853, 857-58 (S.D. Tex. 2015) (*Ryan* court retreating on its reasoning in *Ryan*).  Because Arnone waived any defect in removal for the reasons stated below, those decisions do not affect the Court's analysis.

2001) (same); see generally Pierpoint v. Barnes, 94 F.3d 813, 816 (2d Cir. 1996) ("Admiralty excepts a class of cases from the general rule that cases which could originally have been filed in federal court are removable to federal court at the option of the defendant."). And as Judge Roemer also noted, the Supreme Court has held that admiralty claims do not themselves present a federal question under 28 U.S.C. § 1331, so admiralty claims cannot be removed on that basis. See Romero v. Int'l Terminal Operating Co., 358 U.S. 354, 371-72 (1959) (concluding that admiralty claims do not fall within 28 U.S.C. § 1331 and reasoning that "an expanded view" of federal question jurisdiction would make "saving-clause actions . . . freely removable" from state court).

Arnone brought the negligence case in New York State Supreme Court, Erie County, pursuant to the saving to suitors clause of 28 U.S.C. § 1333.[8] See Case No. 21-cv-72, Docket Item 1-1. No one suggests that Arnone's claim in the negligence case raises some freestanding federal question that would provide a basis for federal question jurisdiction. And because Arnone and Knab are both citizens of New York, see Case No. 21-cv-72, Docket Item 1-1 at ¶¶ 1-2, diversity jurisdiction is absent here. So the only basis for removal was federal admiralty jurisdiction, and Arnone argues that (1) removal of the negligence case therefore was improper and (2) this Court lacks subject matter jurisdiction. See Case No. 21-cv-72, Docket Item 50 at 14. But the second argument does not follow from the first.

---

[8] Although Arnone did not explicitly invoke the saving to suitors clause in her state court complaint, she says elsewhere that her "maritime claims are *in personam* and seek common law remedies in state court, which the saving to suitors clause of 28 [U.S.C.] § 1333(1) permits [her] to do." Case No. 21-cv-72, Docket Item 50 at 14.

The fact that a case may not be properly removable does not necessarily mean that the court lacks subject matter jurisdiction over that case once it is removed. "The former is [a] waivable" defect, while "the latter is not." *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1544 (5th Cir. 1991). And that distinction can be dispositive: "Under [28 U.S.C. § 1447(c)], all motions for remand—except those based on lack of subject matter jurisdiction—must be made within 30 days after removal or they are waived." *See Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643 (2d Cir. 1993).

Here, Arnone moved to remand the negligence case more than eighteen months after Knab removed it to this Court. *See* Case No. 21-cv-72, Docket Items 1, 27, 30. If this Court lacks subject matter jurisdiction, that delay is irrelevant and the Court must remand the case. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). But if Knab's improper removal of the negligence case does not affect this Court's subject matter jurisdiction, Arnone would have waived her right to move to remand after 30 days passed. *See id.*; *see also Hamilton*, 5 F.3d at 643.

Other courts have concluded that a plaintiff who does not timely move to remand an admiralty case brought in state court "waive[s] the improper removal of a saving[] clause claim." *Morris*, 236 F.3d at 1069. In other words, because the case could have been brought in federal court in the first instance, "a case that is improperly removed under [28 U.S.C.] § 1333(1) suffers from a procedural defect, rather than a jurisdictional defect, and such a defect may be waived if the plaintiff fails to timely move for remand." *Riverside Constr. Co. v. Entergy Miss., Inc.*, 626 F. App'x 443, 447 (5th Cir. 2015) (per curiam); *see also, e.g.*, *Lu Junhong v. Boeing Co.*, 792 F.3d 805, 818 (7th Cir. 2015) ("If

9

the saving[ ]to[ ]suitors clause allows [the plaintiffs] to stay in state court . . . they are free to waive or forfeit that right—which given the scope of [28 U.S.C.] § 1333(1) concerns venue rather than subject[ ]matter jurisdiction."); *Rabenstine v. Nat'l Ass'n of State Boating L. Adm'rs, Inc.*, 2015 WL 256533, at *3-4 (E.D. Va. Jan. 20, 2015) (denying untimely motion to remand based on "the improper removal of a maritime claim" because "the case could have been brought in federal court" in the first instance). So if an admiralty case is improperly removed, a plaintiff may waive her right to remand that case because the defective removal does not affect whether the court has subject matter jurisdiction over the case itself.[9]

      This Court recognizes that other courts have suggested that a court lacks subject matter jurisdiction over admiralty claims that were improperly removed.  *See, e.g.*, *In re Nagler*, 246 F. Supp. 3d 648, 663-65 (E.D.N.Y. 2017); *Forde v. Hornblower N.Y., LLC*, 243 F. Supp. 3d 461, 464-68 (S.D.N.Y. 2017).  But for the reasons just stated, the fact that a case is not removable does not necessarily mean that a federal court lacks subject matter jurisdiction over it.  *See Morris*, 236 F.3d at 1069; *see also Handelsman v. Bedford Village Assocs. Ltd.*, 213 F.3d 48, 50 n.2 (2d Cir. 2000) (noting that "[b]ecause [the defendant] was a citizen of New York, he was not entitled to remove to federal court" but that the plaintiff "waived his right to object to this procedural defect[]

---

[9] In fact, one of the cases that Arnone relies on to argue that this Court lacks subject matter jurisdiction and that therefore she has not waived her right to seek remand, *see* Case No. 21-cv-72, Docket Item 50 at 7-8, actually suggests that the opposite.  *See Harper v. Wetnwild Water Sports, LLC*, 2020 WL 773445, at *2 n.5 (N.D. Fla. Jan. 13, 2020) ("[B]ecause the Court has original jurisdiction over admiralty cases and [the p]laintiff could have elected to bring her maritime tort suit in admiralty, her failure to file a timely motion to remand in [her] prior case could have been viewed as a waiver of her common law rights and remedies and an acquiescence to the Court's admiralty jurisdiction in that case." (citation omitted)).

10

by failing to raise the objection within 30 days of removal"); *see generally United States v. Vanness*, 85 F.3d 661, 663 n.2 (D.C. Cir. 1996) ("'Jurisdiction' is a word of many, too many, meanings."). And if this Court has admiralty jurisdiction over Arnone's negligence case, it cannot remand the case for lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).[10]

## II.   ADMIRALTY JURISDICTION

Of course, all that raises the question of whether this Court in fact has subject matter jurisdiction over the negligence case. The parties have not devoted much attention to that issue; apparently, both proceed under the assumption that this Court would have had jurisdiction over Arnone's claim if she had filed it here in the first

---

[10] Some courts have reasoned that federal courts do not actually have admiralty jurisdiction over cases brought in state court under the saving to suitors clause because the plaintiff brought the case "at law" in state court but would have had to bring the case "in admiralty" in federal court. *See, e.g.*, *Coronel v. AK Victory*, 1 F. Supp. 3d 1175, 1188 (W.D. Wash. 2014) ("The argument can be made that [the p]laintiff's claims are [] removable to the admiralty side of the court. However, such a result would vitiate the saving to suitors clause, which saves to plaintiffs the ability to proceed on their claims at law, instead of in admiralty."); *Sanders*, 132 F. Supp. 3d at 858 ("[W]hen a maritime claim is filed in state court under the [s]aving[] to [s]uitors [c]lause, it is transformed into a case at law, as opposed to admiralty.").

But that argument is difficult to square with the Federal Rules of Civil Procedure, which provide that "[t]here is one form of action—the civil action." *See* Fed. R. Civ. P. 2; *see also* Fed. R. Civ. P. 1 advisory committee's note to 1966 amendment (noting that the 1966 amendments "abolish[ed] the distinction between civil actions and suits in admiralty"); 14A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3674 (4th ed.) ("[T]he argument that an admiralty suit was not a civil action ha[s] to be rejected today because the amendment of Civil Rules 1 and 2 in 1966 made it clear that an admiralty suit is now a 'civil action.'"). In any event, and as the *Coronel* court acknowledged, "[i]t is true that a few courts have found that a failure to object to removal of maritime claims waives the right to remand and effectively converts a plaintiff's claims at law into claims at admiralty." *Coronel*, 1 F. Supp. 3d at 1188 (citing *Morris*, 236 F.3d at 1069).

11

instance. *See* Case No. 21-cv-72, Docket Item 39 at 8 (Knab's claiming that "original jurisdiction unquestionably exists over maritime torts such as the instant case"); Case No. 21-cv-72, Docket Item 50 at 13 (Arnone's referring to the "historic shared jurisdiction" between federal and state courts and her "right to select [the] forum" for her negligence claim). Nevertheless, because this Court "ha[s] an independent obligation to determine whether subject[ ]matter jurisdiction exists, even in the absence of a challenge from any party," *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), the Court considers whether it has subject matter jurisdiction over the negligence case.[11] And for the reasons that follow, it does.

"[T]he Supreme Court has instructed [] that, 'ordinarily,' 'every tort involving a vessel on navigable waters falls within the scope of admiralty jurisdiction.'" *Germain*, 824 F.3d at 261 (quoting *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 543 (1995)). Still, not every accident that has some tenuous connection to a body of water will suffice. *See, e.g.*, *Exec. Jet Aviation, Inc. v. City of Cleveland*, 409 U.S. 249, 255 (1972) (reasoning that the exercise of admiralty jurisdiction over claims brought by "a swimmer at a public beach [who] is injured by another swimmer" would "seem[] almost absurd"). Instead, "a party seeking to invoke federal admiralty

---

[11] Because Arnone has moved to remand the negligence case for lack of subject matter jurisdiction, the Court considers only whether the negligence case falls within the Court's admiralty jurisdiction. But the same analysis applies to the limitation proceeding, and the Court therefore has subject matter jurisdiction over that action as well. *See Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 244 (2d Cir. 2014) ("Although the Limitation of Liability Act provides a federal cause of action for a vessel owner seeking exoneration or limitation, it does not provide an independent foundation for federal admiralty jurisdiction. . . . Instead, the district court will only have admiralty jurisdiction to hear a petition for limitation if it already has admiralty jurisdiction over the underlying claims that the petition seeks to limit." (citations and internal quotation marks omitted)).

jurisdiction pursuant to 28 U.S.C. § 1333(1) over a tort claim must satisfy conditions both of location and of connection with maritime activity." *Grubart*, 513 U.S. at 534.

"First, 'a court applying the location test must determine whether the tort occurred on navigable water or whether injury suffered on land was caused by a vessel on navigable water.'" *Germain*, 824 F.3d at 268 (alterations omitted) (quoting *Grubart*, 513 U.S. at 534). "Second, in applying the connection test," a court must "examine[] two issues: (1) the court 'must assess the general features of the type of incident involved to determine whether the incident has a potentially disruptive impact on maritime commerce'; and (2) the 'court must determine whether the general character of the activity giving rise to the incident shows a substantial relationship to traditional maritime activity.'" *Id.* (quoting *Grubart*, 513 U.S. at 534). "[T]he first connection prong 'turns on a description of the incident at an intermediate level of possible generality,' focusing on 'the general features of the incident.'" *Id.* (alterations and internal quotation marks omitted) (quoting *Grubart*, 513 U.S. at 538-39). "[T]he second connection prong turns on 'whether the general character of the activity giving rise to the incident shows a substantial relationship to traditional maritime activity,' and [a] court[] should 'ask whether a tortfeasor's activity, commercial or noncommercial, on navigable waters is so closely related to activity traditionally subject to admiralty law that the reasons for applying special admiralty rules would apply in the suit at hand.'" *Id.* (quoting *Grubart*, 513 U.S. at 539-40).

Applying that two-part test, this Court is satisfied that the negligence case falls within federal admiralty jurisdiction. First, the September 5 accident occurred while Knab was operating a boat on Lake Erie. Case No. 21-cv-72, Docket Item 1-1. So the

tort at issue here occurred on navigable waters, and Arnone's negligence claim therefore satisfies the location test.  *See Exec. Jet Aviation*, 409 U.S. at 266 (referring to the "navigable waters of Lake Erie").

Second, the tort here meets both prongs of the connection test.  The September 5 accident, described "at an intermediate level of possible generality," *see Grubart*, 513 U.S. at 538, is an injury to a passenger on a vessel operating in navigable waters.  *See Germain*, 824 F.3d at 272 (describing incident as "injury to a passenger who jumped from a vessel on open navigable waters"); *see also In re Mission Bay Jet Sports, LLC*, 570 F.3d 1124, 1129 (9th Cir. 2009) (describing a passenger's jet ski injuries caused by unsafe speed as "harm by a vessel in navigable waters to a passenger").  That incident could have a disruptive effect on maritime commerce:  Such an injury might require a "maritime emergency response," which could disrupt commercial shipping or maritime commerce.  *See Germain*, 824 F.3d at 274 (looking to the possible disruption from an emergency response to an injured passenger and noting that "at least three circuits have relied on the potentially disruptive effect of a maritime emergency response to sustain admiralty jurisdiction, even when the activity or vessels at issue were recreational"); *Matter of Felgate*, 2020 WL 1542372, at *6 (D. Conn. Mar. 30, 2020) ("The incident involved injuries to a sailing student on a vessel on navigable waters, a maritime emergency, thereby having a potentially disruptive impact on maritime commerce.").

And the "general character of the activity giving rise to the incident" also bears "a substantial relationship to traditional maritime activity."  *See Grubart*, 513 U.S. at 539.  The "general character" of Knab's conduct was "the transport and care of [a]

14

passenger[] on board a vessel on navigable waters." *See Germain*, 824 F.3d at 274; *see also Mission Bay Jet Sports*, 570 F.3d at 1129 (describing the activity leading to a jet ski accident as "operating a vessel in navigable waters"). More specifically, Arnone alleges that Knab negligently caused her injuries by, "among other things, . . . operating the [boat] at a high rate of speed when it was unsafe, dangerous[,] and hazardous to do so, without warning [Arnone] and others." Case No. 21-cv-72, Docket Item 1-1 at ¶ 7. Because the "transport and care of passengers on a vessel on navigable waters" is "substantially related to traditional maritime activity," Arnone's claim satisfies the second prong of the connection test. *See Germain*, 824 F.3d at 274-75.

In sum, "[t]he alleged tort here involves a vessel on navigable waters—factors the Supreme Court has reminded [courts] will ordinarily place a case within the bounds of admiralty jurisdiction." *See id.* at 270-71 (citing *Grubart*, 513 U.S. at 543). This case is no exception. This Court therefore has subject matter jurisdiction over the negligence case. For that reason, and because Arnone's motion to remand was untimely under 28 U.S.C. § 1447(c), that motion is denied. *See Hamilton*, 5 F.3d at 643.

## CONCLUSION

Because Arnone waived any defect in removal by failing to move to remand the negligence case until more than eighteen months after removal, and because this Court has subject matter jurisdiction over that case, Arnone's motion to remand the negligence case, Case No. 21-cv-72, Docket Items 27 and 30, is DENIED. Arnone's motion to stay the limitation proceeding and to lift the stay on the negligence case, Case No. 21-cv-703, Docket Items 30 and 33, is GRANTED. The negligence case and the

limitation proceeding are referred back to Judge Roemer for further proceedings consistent with the referral orders of October 6, 2022.

SO ORDERED.

Dated:   August 4, 2023
         Buffalo, New York

                                       */s/ Lawrence J. Vilardo*
                                       LAWRENCE J. VILARDO
                                       UNITED STATES DISTRICT JUDGE